104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellant,
v.
Angel JIMENEZ, Defendant-Appellee.
 No. 96-1705.
 United States Court of Appeals, Second Circuit.
 Nov. 22, 1996.
 
 FOR APPELLANT: Sharon L. McCarthy, A.U.S.A., S.D.N.Y., New York, NY.
 FOR APPELLEE: Gail Laser, New York, NY.
 Before LUMBARD, McLAUGHLIN and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is REVERSED.
 
 
 3
 Angel Jimenez ("Jimenez") is a member of the "Latin Kings," a notoriously violent criminal organization engaged in racketeering. Jimenez's wife is a member of a related organization, the "Latin Queens."
 
 
 4
 In order to improve his standing in the Latin Kings, Jimenez conspired with other members of the organization to kill Jose Suarez ("Suarez"). Jimenez and others abducted Suarez in Upstate New York, beat him, and brought him to Manhattan. Once in Manhattan, Jimenez and his cohorts continued to beat Suarez. They stabbed him in the neck and left him for dead under the West Side Highway. Suarez survived.
 
 
 5
 Jimenez was indicted in the United States District Court for the Southern District of New York (Cedarbaum, J.) for conspiracy to murder in aid of racketeering activity and attempted murder in aid of racketeering, both in violation of 18 U.S.C. § 1959(a)(5). At arraignment, the government sought pretrial detention on the grounds of dangerousness, pursuant to 18 U.S.C. § 3142(f).
 
 
 6
 The district court ordered Jimenez released pending trial on the condition that: (1) he remain under house arrest with an electronic monitoring bracelet and be permitted to leave his home only for doctors' appointments and attorney visits; (2) he consent to having his phone tapped; and (3) his wife agree not to contact any member of the Latin Kings or Queens.
 
 
 7
 The government appeals, arguing that the district court clearly erred when it released Jimenez on bail.
 
 
 8
 We review a district court's factual findings underlying a determination of whether a defendant is a danger to the community for clear error. United States v. Ferranti, 66 F.3d 540, 542 (2d Cir.1995). The scope of review is "slightly broader with respect to the ultimate determination that a defendant does, or does not, present a risk to the citizenry." Id. Whether certain bail conditions protect the public is reviewed for clear error. Id.
 
 
 9
 Under the Bail Reform Act, a defendant may not be released on bail if the court determines that "no condition or combination of conditions will reasonably assure the ... safety of any other person and the community...." 18 U.S.C. § 3142(e). A rebuttable presumption arises that no conditions will reasonably assure the safety of any other person and the community when the defendant has been convicted of a federal drug offense not more than five years ago. 18 U.S.C. §§ 3142(e)(1), (3).
 
 
 10
 The district court clearly erred when it released Jimenez on bail. Because Jimenez was convicted of criminal sale of a controlled substance in 1993, and is charged with a violent crime, the government was entitled to a presumption that Jimenez is an unacceptable danger to the community. Jimenez did not rebut this presumption.
 
 
 11
 Additionally, we have repeatedly held that bail on conditions similar to those imposed on Jimenez, including home detention, does not ensure the safety of the community. See Ferranti, 66 F.3d at 544; United States v. Millan, 4 F.3d 1038, 1048-49 (2d Cir.1993), cert. denied, 114 S.Ct. 1375 (1994); United States v. Orena, 986 F.2d 628, 632 (2d Cir.1993).
 
 
 12
 We have considered all the additional arguments raised by Jimenez, and find them to be without merit.
 
 
 13
 Accordingly, the order of the district court is REVERSED.